IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TOMMY PEARSON, SR., <br> Inmate # GDC 300038, <br>    Plaintiff, <br><br> v. <br><br> ROBERT J. JAMES, <br> CINDY W. CHAFFIN, <br> JEFF MORRIS, <br>    Defendants. | CIVIL ACTION NO. <br> 1:06-CV-2578-TWT <br><br><br><br><br> PRISONER CIVIL RIGHTS <br> 42 U.S.C. § 1983 |

## ORDER AND OPINION

Plaintiff, an inmate at the Autrey State Prison in Pelham, Georgia, has filed the instant pro se civil rights action. For the purpose of dismissal only, leave to proceed in forma pauperis is hereby **GRANTED**. The matter is now before the Court for a 28 U.S.C. § 1915A frivolity determination.

### I. 28 U.S.C. § 1915A Frivolity Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or an officer or employee thereof, to determine whether the action (1) is frivolous, malicious, or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it "has little or no chance of success," i.e., when it appears "from the

AO 72A
(Rev.8/82)

face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it appears beyond doubt that the plaintiff could prove no set of facts that would entitle him to relief. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989). "[C]onclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt. v. Jaharis, 297 F.3d 1182, 1187-88 (11th Cir. 2002) (reviewing the dismissal of a complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim).

Moreover, a prisoner complaint may be dismissed as frivolous if it appears "beyond a doubt from the complaint itself" that the prisoner "can prove no set of facts [to] avoid a statute of limitations bar." Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003) (noting that the district court did not abuse its discretion in dismissing a claim as time-barred when there was no indication in the record that the limitations period should be tolled -- during, for example, the pursuit of administrative remedies). See also Gonzales v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998) (stating that "[w]here it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed

pursuant to § 1915") (internal quotations omitted) (affirming the 28 U.S.C. § 1915(e)(2)(B)(i) dismissal of a time-barred 42 U.S.C. § 1983 complaint as frivolous).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a defendant's act or omission under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. See Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). If a plaintiff fails to satisfy these requirements or to provide factual allegations supporting a viable cause of action, the claim is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1283-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because plaintiffs' factual allegations were insufficient to support the alleged constitutional violation).

## II. Plaintiff's allegations

In this action, signed and submitted on October 17, 2006, Plaintiff sues the following three Defendants, all of the Superior Court of Douglas County: (1) Robert J. James, Judge; (2) Cindy W. Chaffin, Clerk of Court; and (3) Jeff Morris, Probation Officer. [Doc. 1 ¶ III.] Plaintiff alleges that on August 22, 1997, he involuntarily entered a guilty plea before Judge James, who failed properly to advise him of his

right to ignore the district attorney's recommendation, withdraw his guilty plea, and proceed to a jury trial, and who also failed to ascertain that Plaintiff was incompetent to enter his guilty plea due to the effect of medication that had been prescribed for his mental illness. [Doc. 1 ¶ IV.] Plaintiff also claims that "someone" forged his signature on certain documents connected with his attempt to withdraw his guilty plea, that Judge James delayed almost three years in ruling on his motion to withdraw his plea, and that Judge James and Clerk Chaffin conspired to violate his constitutional rights. [Id.]

Plaintiff seeks "permission to file a[n] out of time motion to withdraw [his] guilty plea to attach to the affidavit [that] was filed in the record on Sept[ember] 15, 1997," and also seeks "a fast and speedy trial." [Id. ¶ V.] In addition, Plaintiff seeks "arrest warrants for crimes committed against him by parties of the state" and the "removal from office of all parties involved." [Id.] Finally, Plaintiff seeks "a true and correct, original stenographer tape recording of the guilty plea hearing," claiming that the original court reporter falsified the transcript. [Id.]

### III. Discussion

"On August 27, 1997, pursuant to a negotiated plea agreement and with the assistance of counsel, [Plaintiff] pled guilty to kidnapping and aggravated assault.

4

Several years later, he moved for an out-of-time appeal from the judgment of conviction entered on his guilty plea." Pearson v. State, 594 S.E. 2d 769, 770 (Ga. Ct. App. 2004). On February 12, 2004, the Georgia Court of Appeals affirmed the trial court's denial of that motion. Id. (noting "that, contrary to [Plaintiff's] claims, the plea hearing transcript clearly establishes that he understood the nature of the criminal charges and the terms of the negotiated plea agreement, that he knew the rights he was waiving by pleading guilty, that he believed pleading guilty was in his best interest, that he was satisfied with his attorney's performance, that there was a factual basis for the plea, and that he was entering the plea knowingly and voluntarily"). Therefore, the § 1983 claims that Plaintiff has presented in connection with his 1997 guilty plea and conviction are not only time-barred, they also appear to be without merit as well. See Thigpen v. Bibb County, 223 F.3d 1231, 1243 (11th Cir. 2000) (stating that "[t]he statute of limitations for a section 1983 claim arising out of events occurring in Georgia is two years").[1]

---

[1] Furthermore, the Court declines to construe the instant complaint as a habeas corpus petition challenging Plaintiff's detention because such a petition also appears to be time-barred. See 28 U.S.C. § 2244(d) (establishing a one-year limitations period for a federal habeas petition); Moore v. Crosby, 321 F.3d 1377, 1380-81 (11th Cir. 2003) (stating that once the federal habeas corpus limitations period has expired, it cannot be revived by a motion for an out-of-time appeal, even if the motion ultimately is granted).

AO 72A
(Rev.8/82)

## IV. Conclusion

For the foregoing reasons, this Court finds that Plaintiff's complaint is frivolous, and it is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

**IT IS SO ORDERED** this 20 day of November, 2006.

*Thomas W. Thrash*
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

6

AO 72A
(Rev.8/82)