FILED IN CHAMBERS
THOMAS W. THRASH JR.
U.S.D.C. Atlanta

JAN 26 2007

JAMES N. HATTEN, Clerk
By: /s/ [signature]
Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| TOMMY PEARSON, SR., Inmate # GDC 300038, Plaintiff, | :: :: :: | CIVIL ACTION NO. 1:06-CV-2578-TWT |
| v. | :: :: | |
| ROBERT J. JAMES, CINDY W. CHAFFIN, JEFF MORRIS, Defendants. | :: :: :: :: | PRISONER CIVIL RIGHTS 42 U.S.C. § 1983 |

## ORDER AND OPINION

Now before the Court are Plaintiff's Motion for Reconsideration, Modification, and to Vacate the Court's Order [Doc. 6] and Plaintiff's motion for in forma pauperis status on appeal [Doc. 12]. Previously, on November 22, 2006, this Court entered an Order [Doc. 4] and Judgment [Doc. 5] dismissing Plaintiff's claims as time-barred. On December 25, 2006, more than ten days after entry of the Judgment, Plaintiff signed and submitted the instant motion for reconsideration. [Doc. 6.] As a preliminary matter, the Clerk of Court is **DIRECTED** to **RE-OPEN** this case for the limited purpose of considering Plaintiff's reconsideration motion.

### Motion for reconsideration

A party may seek relief from a judgment pursuant to either Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b). To fall within the purview of Rule 59(e), a "motion to alter or amend a judgment shall be filed no later than 10 days after entry of the

AO 72A
(Rev.8/82)

judgment." Fed. R. Civ. P. 59(e). Because Plaintiff missed this ten-day deadline, his Motion for Reconsideration is governed by Fed. R. Civ. P. 60(b). See Mahone v. Ray, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003) (stating that "[w]hen a motion to alter or amend a judgment under Rule 59(e) . . . is filed more than 10 days after entry of judgment[, it] automatically becomes a Rule 60(b) motion").

In pertinent part, Rule 60(b) provides relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or other misconduct of an adverse party; . . . or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). A Rule 60(b) movant "must demonstrate a justification for relief so compelling that the district court [is] *required* to grant [his] motion." Rice v. Ford Motor Co., 88 F.3d 914, 919 (11th Cir. 1996). Moreover, Rule 60(b)(6) provides "an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." Id. A Rule 60(b) motion is committed to the sound discretion of the district judge. See Am. Bankers Ins. Co. of Florida v. Northwestern Nat'l Ins. Co., 198 F.3d 1332, 1338 (11th Cir. 1999).

In his motion for reconsideration, Plaintiff discusses at great length the alleged merits of his claims regarding his parole revocation, guilty plea, and subsequent

2

attempt to withdraw that plea, but fails to address this Court's conclusion that this § 1983 action, signed and submitted on October 17, 2006, is barred by the applicable two-year statute of limitations. [Doc. 6 passim; see Doc. 4; Thigpen v. Bibb County, 223 F.3d 1231, 1243 (11th Cir. 2000).] Plaintiff states that his parole was revoked on March 28, 1997. [Doc. 6 at 8.] Accordingly, the statute of limitations on any claim he might have regarding that revocation expired on or about March 28, 1999. Plaintiff's guilty plea was accepted on August 27, 1997. [See Doc. 4 at 4-5.] Accordingly, the statute of limitations on any claim he might have regarding the entry of his guilty plea expired on or about August 27, 1999. Finally, Plaintiff states that the trial court denied his motion to withdraw his guilty plea on August 3, 2000. [Doc. 6 at 21.] Accordingly, the statute of limitations on any claim he might have regarding his attempt to withdraw his guilty plea expired on or about August 3, 2002. Plaintiff has not demonstrated why the Court should reach a different conclusion regarding the running of the statute of limitations. In short, Plaintiff has failed to "demonstrate a justification for relief so compelling" that this Court is *required* to grant" him relief. See Rice, 88 F.3d at 919.

### Motion for leave to proceed in forma pauperis

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). See Lee v.

3

Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000) (concluding that "good faith" is "an objective concept" and that "not taken in good faith" is "a synonym for frivolous"); DeSantis v. United Techs. Corp., 15 F. Supp. 2d 1285, 1288-89 (M.D. Fla. 1998) (stating that good faith "must be judged by an objective, not a subjective, standard" and that an appellant "demonstrates good faith when he seeks appellate review of any issue that is not frivolous").

Plaintiff has filed a notice of appeal [Doc. 8] and an affidavit in support of a request to proceed in forma pauperis [Doc. 12], but in neither pleading has he "state[d] the issues that [he] intends to present on appeal," as he is required to do when seeking leave to proceed on appeal in forma pauperis. See Fed. R. App. P. 24(a)(1)(C). Nevertheless, a district court should "provide a reason" for certifying that an appeal is not taken in good faith, "even when the appellant is silent as to the issues he seeks to raise on appeal." Hamilton v. Downs, 68 F. Supp. 2d 1380, 1382 & n.5 (S.D. Ga. 1999) (noting that "if the appellant does not explain what errors he thinks the district court committed, it is ordinarily enough for the judge to point to the reasoning in the ruling sought to be appealed") (internal quotations omitted). As noted above, this Court dismissed Plaintiff's complaint as time-barred, and Plaintiff has not addressed the timeliness issue in any of his post-judgment pleadings.

4

## Conclusion

For the foregoing reasons, the Court concludes that Plaintiff has not presented a non-frivolous issue for appellate review. The Court hereby **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that Plaintiff's appeal is not taken in good faith. Plaintiff's Motion for Reconsideration, Modification, and to Vacate the Court's Order [Doc. 6] and Plaintiff's motion for in forma pauperis status on appeal [Doc. 12] are **DENIED**. The Clerk of Court is **DIRECTED** to **CLOSE** this re-opened case.

**IT IS SO ORDERED**, this 26 day of January, 2007.

_Thomas W. Thrash_
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)